IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICAH JARED SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1116-MN |
| | ) |
| TERRA TAYLOR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

AND NOW, on this 5th day of September 2025, pro se Plaintiff having been granted leave to proceed IFP (D.I. 13), this Court proceeds to screen the Complaint (D.I. 2) and Amended Complaint (D.I. 8) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);

IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint (D.I. 2) and Amended Complaint (D.I. 8) are **DISMISSED** without prejudice, because these pleadings attempt to assert together two separate and wholly unrelated sets of claims, in violation of Rule 20(a) of the Federal Rules of Civil Procedure, and because no claim is stated sufficiently to pass screening. One set of claims arises from Plaintiff allegedly earning good time credits, which were not credited to him.[1] The other set of claims

---

[1] Plaintiff has a liberty interest in retaining good time credits already earned, *see, e.g.*, *Burns v. Pa Dep't of Corr.*, 642 F.3d 163, 171-72 (3d Cir. 2011), but Plaintiff does not have a protected liberty interest in good time credits that he has not yet earned, *see Monroe v. Bryan*, 487 F. App'x 19, 21 (3d Cir. 2012) (holding that the loss of eligibility to earn good time credits is too attenuated to amount to a protected liberty interest absent the loss of any previously earned credits). Additionally, Plaintiff's claims may be *Heck*-barred if they challenge the deprivation of his good time credits, impacting the duration of his confinement, and therefore must be brought in a *habeas* action. *Morrison v. Rochlin*, 778 F. App'x 151, 154 (3d Cir. 2019) (per curiam) (citing *Edwards v. Balisok*, 520 U.S. 641, 643-44, 646 (1997)). *See generally Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, where success in a § 1983 action would imply the invalidity of a conviction

arises from overtime work, for which Plaintiff and other inmates were not properly compensated.[2] Each set of claims requires amendment to cure deficiencies, as noted above, and each set of claims warrants its own, separate civil action. "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

2. Plaintiff's motions to amend the Amended Complaint (D.I. 21, 25, 28, 29, 30, 33), containing proposed amendments, are **DENIED** without prejudice to filing a Second Amended Complaint, in accordance with this Memorandum Order. Pursuant to Rule 15(a)(2), the Court "freely give[s] leave [to amend] when justice so requires." Yet "undue delay, bad faith, dilatory motive, prejudice, [or] futility" may "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. 2018) (quoting *Shane*, 213 F.3d at 115). Plaintiff's proposed amendments do not change the Court's determination regarding whether Plaintiff's claims as presented pass screening, warranting denial of these motions to amend.

---

or sentence, a suit for damages or equitable relief is barred unless plaintiff can demonstrate that his conviction or sentence has been invalidated).

[2] "Suits against States and state officials sued in their official capacities seeking retroactive relief such as monetary damages or back pay are barred under the Eleventh Amendment." *Bruton v. Minor*, 568 F. Supp. 2d 480, 484 (D. Del. 2008) (citing *Edelman v. Jordan*, 415 U.S. 651, 668-69 (1974); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989)). Additionally, Plaintiff does not have a protected liberty interest in institutional jobs. *See Burrell v. Staff*, 60 F.4th 25, 54 n.8 (3d Cir. 2023) ("'We do not believe that an inmate's expectation of keeping a particular prison job amounts either to a 'property' or 'liberty' interest entitled to protection under the due process clause.'") (quoting *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975)).

3. Plaintiff's motion for extension of time for service (D.I. 27) is **DENIED** without prejudice as premature because this case has not yet passed screening, as discussed above.

4. Plaintiff's motion to appoint counsel (D.I. 6) is **DENIED** without prejudice to renewal, as Plaintiff has demonstrated sufficient ability to present his claims thus far, his background as a licensed, practicing attorney involved "a lot of writing and research" (D.I. 6 at 2) and one of his chief concerns—his ability to represent himself before a Jury and the Court at trial (*see id.* at 2-3)—can be taken up at a later stage of the case.[3]

5. Plaintiff's motion for electronic filing rights (D.I. 39) is **DENIED** without prejudice, upon a showing that Plaintiff has created a PACER account, fully reviewed the Court's *CM/ECF Administrative Procedures Governing Filing and Service by Electronic Means*, and additionally reviewed all related topics on the Court's web site.[4]

6. Plaintiff's Motion to Request Expedited Decision on Motion for Electronic Filing Rights and Motion for Waiver of Court Copying Fees (D.I. 43) is **DENIED** as moot.

7. Plaintiff is **GRANTED** leave to file a Second Amended Complaint, **on or before October 6, 2025**. Once filed, the Second Amended Complaint shall be the singular, operative pleading in this case, and the Court shall not consider the previously filed Complaints and

---

[3] A *pro se* plaintiff in a civil action has no constitutional or statutory right to counsel. See *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The Court can determine, in its discretion, whether counsel should be appointed based on factors, including: (1) the plaintiff's ability to present the case; (2) the difficulty of legal issues presented; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require expert testimony. *See Pinchak*, 294 F.3d at 498 99; *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, and no single factor is determinative. *Tabron*, 6 F.3d at 157.

[4] This Court exercises discretion in granting authorization to file electronically and may revoke authorization should misuse of electronic filing so warrant.

amendments as part of Plaintiff's pleading. The Second Amended Complaint may restate claims asserted in previous filings, but it must only state related claims in accordance with Rule 20. Thus, Plaintiff should file **separate complaints** for the two separate sets of claims discussed above. The Second Amended Complaint shall not include new claims, it shall only remedy deficiencies in the claims presented, as discussed in this Order. Defendants may be amended.[5]

**FAILURE TO COMPLY WITH THIS ORDER MAY
RESULT IN DISMISSAL AND CASE CLOSURE.**

The Honorable Maryellen Noreika
United States District Judge

---

[5]  A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved," *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007), and a complaint must state "enough facts to render it plausible that each defendant individually has performed at least one type of" wrongful act rendering that defendant liable for the violations alleged against it, *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 488 (D. Del. 2021). *See generally* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").